UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE WAYNE DAVIS,

      Petitioner,

vs.                                                                 Case No. 8:14-cv-01676-T-27TBM

RICK SCOTT et al.,

      Defendants.

_____/

## ORDER

Eddie Wayne Davis is a State of Florida prisoner under sentence of death and is scheduled

to be executed today, Thursday, July 10, 2014, at 6:00 p.m.

**BEFORE THE COURT** are his *Emergency* Petition for Writ of Habeas Corpus, Complaint

for Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983 (Dkt. 1), and his Emergency

Application for Stay of Execution (Dkt. 3). Defendants oppose the Emergency Petition and move

to dismiss the claims or, in the alternative, for summary judgment (Dkt. 11), and oppose the

application for a stay of execution (Dkt. 9). Petitioner filed a Reply (Dkt. 12). Upon consideration,

The *Emergency* Petition for Writ of Habeas Corpus, Complaint for Declaratory and Injunctive Relief

Pursuant to 42 U.S.C. § 1983 is **DISMISSED** and the Emergency Application for Stay of Execution

is **DENIED**.

In his petition, Davis contends that Florida's clemency proceedings are constitutionally

defective and the clemency rules, procedures and customs are facially unconstitutional. He frames

the issue as being "whether the Florida clemency procedures comport with the minimum

requirements of due process." The essence of this claim is that he did not receive minimum due

process as discussed in *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998). He concedes,

1

however, that he received notice of his clemency review, was appointed and represented by counsel during his clemency review, was interviewed with counsel present by the Florida Commission on Offender review, and was permitted to presented evidence during the review.

### Factual and Procedural Background

Petitioner Davis was convicted in 1995 of first-degree murder, burglary with assault, kidnapping of a child under 13, and sexual battery on a child. He was sentenced to death. Davis' convictions and sentence were affirmed by the Florida Supreme Court. *See Davis v. State*, 698 So.2d 1182 (Fla. 1997), *cert. denied*, 522 U.S. 1127 (1998). His collateral attacks on his conviction and sentence have been rejected by the Florida Supreme Court, this Court, and the Eleventh Circuit Court of Appeals. *Davis v. State*, 875 So.2d 359 (Fla. 2003); *Davis v. McNeil*, 2009 U.S. Dist. LEXIS 30702 (M.D. Fla. Mar. 30, 2009); Case No. 8:04-cv-2549-T-27MAP (M.D.Fla.2004); *Davis v. Sec'y, Dept. of Corr.*, Case No. 09-11907-P (11th Cir.2009) (denying certificate of appealability).

On June 2, 2014, Florida's Governor signed a death warrant for Davis, stating that "executive clemency for EDDIE WAYNE DAVIS, as authorized by Article IV, section 8(a), Florida Constitution, was considered pursuant to the Rules of Executive Clemency and it has been determined that executive clemency is not appropriate."

On June 9, 2014, Davis filed a successive postconviction motion pursuant to Florida Rules of Criminal Procedure 3.851. Claim III of the motion alleged that his procedural due process rights were violated during the clemency process. The motion was denied, and Davis appealed to the Florida Supreme Court. While the appeal of the denial of his Rule 3.851 motion was pending in the Florida Supreme Court, Davis filed a second petition in state circuit court challenging the clemency process under 42 U.S.C. § 1983. The second petition was likewise denied. On July 7, 2014, the

2

Florida Supreme Court affirmed both decisions in separate orders and denied Davis' application for a stay of execution. *See Davis v. State*, No. SC14-1178, 2014 WL 3034008, at *8-9 (Fla. July 7, 2014); *Davis v. Scott*, No. SC14-1286, Slip Op. at 2 (Fla. July 7, 2014) (unpublished). Davis' petition for writ of certiorari and application for stay of execution filed with the United States Supreme Court *are pending.*[1]

## *Writ of Habeas Corpus*

Habeas actions and § 1983 actions "are mutually exclusive." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action."). The Complaint does not challenge the fact or duration of Davis' imprisonment. Rather, it challenges the constitutionality of his clemency proceedings and Florida's clemency procedures. These claims are not cognizable in a habeas proceeding brought under § 2254. *See Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1268 (11th Cir. 2011) ("Valle's constitutional claims about clemency procedures are collateral to his conviction and sentence, and are not cognizable in this § 2254 proceeding. His complaint about Florida's clemency procedures may only be brought under 42 U.S.C. § 1983."). Accordingly, Davis' petition for habeas corpus is due to be dismissed.

## *Standard for Stay of Execution*

A stay of execution is equitable relief which may be granted only if the moving party shows that: "(1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest." *Mann v. Palmer*, 713 F.3d 1306,

---

[1] Neither party requests that this Court abstain from addressing the petition, notwithstanding that identical claims are pending before the United States Supreme Court.

1310 (11th Cir. 2013) (quoting *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011)). Davis' application for stay of execution fails at the first step of the analysis because his challenge to the clemency process is barred by res judicata. Even if his claims were not precluded, they are due to be dismissed on the merits.

### Res Judicata

Respondent contends that these claims are barred by res judicata. In this Circuit, a party seeking to invoke res judicata must satisfy four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir.2001)). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *In re Piper Aircraft*, 244 F.3d at 1296.

The elements of res judicata are met here. The state circuit court and the Florida Supreme Court, both of which were vested with jurisdiction, both rendered final judgment on the merits of Davis' clemency claims. *See Davis v. State*, No. SC14-1178, 2014 WL 3034008, at *8-9 (Fla. July 7, 2014); *Davis v. Scott*, No. SC14-1286, Slip Op. at 2 (Fla. July 7, 2014) (unpublished). Those proceedings involved the same parties and the same causes of action as those asserted in this action.[2] Davis' constitutional challenge to the clemency proceedings is identical to those brought in state court, and is therefore barred by res judicata. *Accord Muhammad v. Sec'y, Fla. Dep't of Corr.*, 739

---

[2]It is of no moment that Davis' first challenge to the clemency procedures was brought in his successive postconviction motion pursuant to Florida Rules of Criminal Procedure 3.851. *See Mann*, 713 F.3d at 1311 (if cases arise out of "the same nucleus of operative fact," or are based "on the same factual predicate," they are the same "claim" or "cause of action" for purposes of res judicata).

F.3d 683, 685, 688 (11th Cir. 2014) (section 1983 action barred by res judicata when petitioner raised the same claim in state court and claim was rejected by the Florida Supreme Court).

### Constitutional Claims on Clemency Procedure

Even if Davis' claims are not barred by res judicata, they fail on the merits. In *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998), a 5-4 majority of the Court held that basic elements of fair procedure and due process are required in clemency proceedings. *See id.* at 289 (O'Connor, J., concurring in part and concurring in the judgment)[3] ("[S]ome *minimal* procedural safeguards apply to clemency proceedings."); *id.* at 292 (Stevens, J., concurring in part and dissenting in part) ("[I]f a State adopts a clemency procedure as an integral part of its system for finally determining whether to deprive a person of life, that procedure must comport with the Due Process Clause."). The remaining four Justices did not determine whether clemency proceedings were subject to procedural due process, concluding only that clemency is "a matter of grace committed to the executive authority." *Id.* at 285 (plurality opinion).[4] Justice O'Connor concluded that the process the petitioner received, notice of the hearing and an opportunity to participate in an interview, comported with "whatever limitations the Due Process Clause may impose on clemency proceedings." *Id.* at 290. The Chief Justice's plurality opinion makes clear that *if* minimal procedural due process was required for the clemency process, the four Justices in the plurality would concur with Justice O'Connor that those minimal requirements were met by notice and an opportunity to participate in an interview.[5]

---

[3] Justice O'Connor's opinion was joined by Justices Souter, Ginsburg, and Breyer. *Id.* at 288.

[4] This holding was contained in Part II of the plurality opinion written by Chief Justice Rehnquist, which was joined by Justices Scalia, Kennedy, and Thomas. *Id.* at 275.

[5] Justice Stevens would have remanded the case to the District Court for a determination of whether the procedures meet the minimum requirements of due process. *Id.* at 295 (Stevens, J., concurring in part and dissenting in part).

It is undisputed that Davis received notice of his clemency hearing, was represented by clemency counsel during the process, and was interviewed by the Florida Commission on Offender Review, during which he was permitted to present a video and other evidence. This process met minimum due process requirements and exceeded the procedure extended to the petitioner in *Woodard* and therefore does not violate the Procedural Due Process Clause of the Fourteenth Amendment. *Accord Mann*, 713 F.3d at 1316-17 (no procedural due process claim where Governor conducted clemency hearing, with notice, and prisoner was represented by counsel).

Petitioner's contention that the Governor's exercise of "unfettered discretion" deprived him of due process is unavailing. "The Constitution of the State of Florida vests in the Governor, with the approval of two of his cabinet members, the discretion to commute the punishment of individuals not convicted of treason or impeachment. Fla. Const. Art. 4, § 8." *Mann*, 713 F.3d at 1316; <u>See also</u> Rule 8, Florida Rules of Executive Clemency. Since clemency is committed to the discretion of the Governor, due process provides only minimal protection for death row inmates in the clemency process. *Mann*, 713 F.3d at 1316. As for Davis' complaint that he did not have access to certain confidential clemency documents, including his own file, minimum due process requirements do not mandate that Davis have access to confidential clemency documents. *See Woodard*. 523 U.S. at 285 ("executive's clemency authority would cease to be a matter of grace committed to the executive authority if it were constrained by the sort of procedural requirements that respondent urges"). As discussed, Davis' clemency process met minimum due process requirements.

Davis' contention that the Governor was predisposed to deny clemency likewise fails to demonstrate a substantial likelihood of success on the merits. The 2011 letter authored by an assistant legal counsel Davis relies on was written some three years before the Governor denied clemency in 2014, after a full clemency hearing. Nothing in this record, including the speculative

6

assertions Davis draws from that letter, supports judicial intervention. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring in part and concurring in the judgment) ("Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process."). Even if the letter might suggest a predisposition on the part of the Governor, that does mean that the Governor and his cabinet members did not fulfill their duty to consider clemency. *See Joubert v. Nebraska Bd. of Pardons,* 87 F.3d 966, 969 (8th Cir. 1996), *cert. denied,* 518 U.S. 1035 (1996) ("Although these statements might reflect the members' predisposition, such predisposition does not mean that the members failed to fulfill their statutorily imposed duty to consider the application.").

Under *Woodard*, minimum due process required only that Davis receive notice and an opportunity to be heard as part of the clemency process. That, he received.  Accordingly, he has not demonstrated a substantial likelihood of success on the merits.

### Conclusion

The *Emergency* Petition for Writ of Habeas Corpus, Complaint for Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983 is **DISMISSED** and the Emergency Application for Stay of Execution is **DENIED**.

**DONE AND ORDERED** this 10th day of July, 2014, at 4:55 p.m.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record